# ATTACHMENT B

# ITEMS TO BE SEARCHED FOR AND SEIZED

**Section I**

1. This warrant authorizes the search and seizure of the items listed below from the TARGET VEHICLE identified in Attachment A:

    a. Clothes and other items which KARL DRESCH wore or carried on January 6, 2021, including a jacket or blazer-style jacket and a plaid multicolor shirt with some reddish coloring, a hooded sweatshirt, a baseball-style cap, dark-colored pants or jeans, black gloves, reflective sunglasses, and large flags.

    b. Records relating the whereabouts or travel of KARL DRESCH for January 6, 2021, including records of travel to and from Washington D.C., such as receipts, travel itineraries, or maps.

    c. Any Motorola Moto e6, or any cellular telephone assigned to the telephone number +1-906-231-1623, which are hereinafter referred to as "DEVICES."

        i. Evidence of who used, owned, or controlled the DEVICE, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

ii. Any input/output peripheral devices, passwords, data security devices, and related security documentation that could be related to the DEVICE;

iii. Evidence of software that would allow someone or something other than the user to control the DEVICE, such as viruses, Trojan horses, spyware, malware, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iv. Evidence of the lack of such malicious software on the DEVICE;

v. Evidence of software designed to protect the DEVICE from other persons, software, devices, or intrusions that may attempt to infiltrate, access, or control the DEVICE, such as pop-up blockers, security software, password protection, and encryption;

vi. Evidence of other storage devices being attached to the DEVICE;

vii. Evidence of the times the DEVICE was used;

viii. Evidence of where the DEVICE was used, including evidence of wireless Internet networks and Internet Protocol (IP) addresses;

ix. Passwords, encryption keys, and other access devices or programs that may be necessary to access the DEVICE;

x. Documentation and manuals that may be necessary to access the DEVICE or to conduct a forensic examination of the DEVICE;

xi. Records of or information about Internet Protocol addresses used by the DEVICE;

xii. Records of or information about the DEVICE's Internet activity: firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

xiii. Any and all records, documents, invoices, notes and materials that pertain to accounts with any Internet Service Provider, as well as any and all records relating to the ownership or use of DEVICES found;

xiv. Credit card information, bills, mail, correspondence, and payment records indicating who owns and/or controls the DEVICES;

xv. Additional documents and records regarding the ownership and/or possession of the searched premises or DEVICES; and

xvi. Information that constitutes evidence of the identification or location of the user(s) of the DEVICES;

xvii. Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the DEVICES about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

xviii. Information that constitutes evidence indicating the DEVICE user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

xix. Information that constitutes evidence concerning how and when the DEVICE was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

xx. Information that constitutes evidence concerning whether KARL DRESCH and/or any other person entered the U.S. Capitol Building on January 6, 2021;

xxi. Information that constitutes evidence concerning the January 6, 2021, conduct of KARL DRESCH and/or any other person who entered the U.S. Capitol Building on January 6, 2021;

xxii. Information that constitutes evidence concerning the intent of KARL DRESCH and/or any other person to knowingly enter the U.S. Capitol Building on January 6, 2021;

xxiii. Evidence concerning whether the conduct of KARL DRESCH and/or any other person impeded or disrupted or obstructed the conduct of the U.S. government business or any proceeding or inquiry of Congress on January 6, 2021;

xxiv. Evidence indicating the state of mind of KARL DRESCH and/or any other person on January 6, 2021, while on the way to the Capitol Building, while attempting to enter the Capitol Building, and/or while in the Capitol Building; and

xxv. Preparatory actions, planning, coordination or communication related to KARL DRESCH's and/or any other person's entry into the U.S. Capitol Building on January 6, 2021.

xxvi. Information relating the whereabouts or travel of KARL DRESCH for January 6, 2021, including records of travel to and from Washington D.C., such as receipts, travel itineraries, or maps;

xxvii. any information pertaining to the identity or location of co-conspirators;

xxviii. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

xxix. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

d. Information, records, clothing, souvenirs, photographs, documents, any property which was removed from the U.S. Capitol, or other evidence that relate to violations of 18 U.S.C. § 1752(a), 40 U.S.C. § 5104(e)(2), and 18 U.S.C. § 1512(c)(2), including:

(a) Information that constitutes evidence of the identification or location of subjects involved in the criminal activity under investigation;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d) Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e) Information that constitutes evidence concerning whether Karl Dresch and/or any other person entered the U.S. Capitol Building on January 6, 2021;

(f) Information that constitutes evidence concerning the January 6, 2021, conduct of Karl Dresch and/or any other person who entered the U.S. Capitol Building on January 6, 2021;

(g) Information that constitutes evidence concerning the intent of Karl Dresch and/or any other person to knowingly enter the U.S. Capitol Building on January 6, 2021;

(h) Evidence concerning whether the conduct of Karl Dresch and/or any other person impeded or disrupted or obstructed the conduct of the

U.S. government business or any proceeding or inquiry of Congress on January 6, 2021;

(i) Evidence indicating the state of mind of Karl Dresch and/or any other person on January 6, 2021, while on the way to the Capitol Building, while attempting to enter the Capitol Building, and/or while in the Capitol Building; and

(j) Preparatory actions, planning, coordination or communication related to Karl Dresch's and/or any other person's entry into the U.S. Capitol Building on January 6, 2021.

(k) any information pertaining to the identity or location of co-conspirators;

(l) Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

(m) As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

**Section II**

The items identified in Section I shall be searched and seized to locate property, evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 1752(a) (Restricted Entry), 40 U.S.C. § 5104(e)(2) (Unlawful Activities on Capitol Grounds), and 18 U.S.C. § 1512(c)(2) (Obstruction).